**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHARLES CORSO,**

        **Plaintiff,**

-vs-                                            **Case No. 6:10-cv-1173-Orl-31DAB**

**SCHERING CORPORATION, MERCK SHARP & DOHME CORP., and MERCK & CO.,**

        **Defendants.**
_____

**REPORT AND RECOMMENDATION AND ORDER**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument[1] on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR THE LAW OFFICES OF MARY E. LYTLE AND MARY E. LYTLE, ESQ. TO WITHDRAW AS ATTORNEY (Doc. No. 39)** |
| **FILED:** | **February 25, 2011** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |
| **MOTION:** | **MOTION FOR SUMMARY JUDGMENT (Doc. No. 36)** |
| **FILED:** | **March 22, 2011** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice as moot. Defendants were not opposed (at the March 30, 2011 hearing) to the Court's dismissal without prejudice of all Plaintiffs' claims. | |

---

[1] A hearing was held on March 30, 2011, with Charles Corso and the parties' counsel appearing in person.

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION FOR SUMMARY JUDGMENT (Doc. No. 53)** |
| **FILED:** | **March 23, 2011** |

**THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

| | |
|---|---|
| **MOTION:** | **MOTION FOR PROTECTIVE ORDER (Doc. No. 54)** |
| **FILED:** | **March 29, 2011** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part. The Clerk is **DIRECTED** to seal Charles Corso's Response to the Motion to Withdraw (Doc. 45) until Judge Presnell rules on the Report and Recommendation, at which time the Response will be **STRICKEN.**

Lead Plaintiff Charles Corso field suit against Defendants for violations of the Fair Labor Standards Act; two opt-in Plaintiffs Michael L. Wilkinson and Leslie Bagli subsequently filed consents to join[2]. *See* Doc. 9, 10. None of these Plaintiffs filed their responses to the Court interrogatories and Judge Presnell ordered them to show cause why sanctions should not be imposed for failure to file responses on March 7, 2011. Doc. 43. Plaintiffs' counsel Mary E. Lytle and her law office moved to withdraw from representation of all Plaintiffs based on the lack of communication with Wilkinson and Bagli, and the stated desire of Corso to dismiss his case without prejudice. Doc. 39. The Court issued an Order to Show Cause why counsel's Motion to Withdraw should not be granted, allowing Plaintiffs 14 days to respond. Doc. 40. Opt-in Plaintiff Wilkinson filed a response stating that he "could not provide the information [he] was being asked to provide" in a timely fashion and "[e]ven though I have not done so yet, I think it would be in my best interest to seek other counsel when/if I decide to move forward with any lawsuit." Doc. 44. The Court interprets this as an

---

[2] Former opt-in Plaintiff Jonathan Rotella moved to withdraw his Consent to Join on February 25, 2011. Doc. 38.

abandonment of his claim.  As stated by Ms. Lytle at the hearing, Plaintiff Bagli has not filed any response and has not communicated with Ms. Lytle despite her efforts to reach Bagli.

Plaintiff Corso filed a five page response (Doc. 45) on March 10, 2011 which contained impertinent material and the Court will **remove it from the public docket** (unopposed by Defendants) until such time as Judge Presnell rules on this Report and Recommendation, when the Response (Doc. 45) will be **STRICKEN**.  Plaintiff Corso appeared at the hearing on March 30, 2011 and stated that he wished to have his claims dismissed without prejudice and he was not opposed to Ms. Lytle withdrawing from the case.

Based on Plaintiffs' responses and lack of objection, Plaintiffs' counsel's Motion to Withdraw is **GRANTED.**  It is further respectfully **RECOMMENDED** that Plaintiffs' claims against Defendants be **DISMISSED without prejudice**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 31, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy